```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ALLAH F. JUSTICE,

                    Plaintiff,           ORDER
                                         12-CV-2865(JS)(WDW)
          -against-

KATHLEEN M. RICE, D.A.,
MATTHEW LIPINSKY, A.D.A.,
WILLIAM C. DONNINO, Judge,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Allah Justice, Pro Se
                    11007727
                    Nassau County Correctional Center
                    100 Carmen Avenue
                    East Meadow, New York 11554

For Defendants:     No Appearances
```

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ JUL 06 2012 ★
LONG ISLAND OFFICE

SEYBERT, District Judge:

Before the Court is the Complaint of incarcerated pro se plaintiff Allah F. Justice ("Plaintiff") against Nassau County District Attorney Kathleen M. Rice, Assistant District Attorney Matthew Lipinsky, and New York State Supreme Court Justice William C. Donnino (collectively, "Defendants") filed pursuant to 42 U.S.C. § 1983, accompanied by an application to proceed in forma pauperis. Upon review of Plaintiff's declaration in support of the application, the Court finds that Plaintiff's financial status qualifies him to file this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow the Complaint is sua sponte dismissed pursuant

to 28 U.S.C. §§ 1915(e)(2)(B)(iii); 1915A.

BACKGROUND

This is Plaintiff's seventh <u>in forma pauperis</u> Complaint in this Court.[1] The instant Complaint purports to allege the violation of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983 against the his prosecutors, defendants D.A. Rice and A.D.A. Lipinsky, and the presiding judge at Plaintiff's arraignment, Hon. Donnino. The brief, handwritten Complaint, submitted on the Court's Section 1983 complaint form, alleges that, "[o]n September 8, 2011, I was arraigned on a crime that I did not commit. The crime is assault in the first degree. The District Attorney's Office is aware that I am not the person who in fact committed this crime." Compl. at ¶ IV. Plaintiff claims that, on May 16, 2012, his criminal defense attorney advised Judge Donnino that, based on counsel's review of the evidence, the Plaintiff is not the person that the victim identified. <u>Id.</u> Accordingly, given that Plaintiff has not been released from incarceration, Plaintiff now claims that he is being unlawfully imprisoned in violation of his Eighth, Ninth

---

[1] Plaintiff's other actions are: <u>Justice v. Nassau County Jail, et al.</u>, 07-CV-3800(JS)(WDW) (dismissed on December 1, 2009 for failure to prosecute); <u>Justice v. Reilly</u>, 08-CV-3266(JS)(WDW) (dismissed on September 10, 2009 for failure to prosecute); <u>Justice v. Corporal McFadden</u>, 08-CV-3918 (JS)(WDW) (dismissed on September 9, 2009 for failure to prosecute); <u>Justice v. Corporal McGovern</u>, 11-CV-5076(JS)(WDW) (partial dismissal on December 6, 2011 for failure to state a claim); <u>Justice v. Sposato, et al.</u>, 11-CV-5946(JS)(WDW) (dismissed on March 5, 2012 for failure to state a claim and with leave to amend); <u>Justice v. Sposato</u>, 12-CV-0473(JS)(WDW) (pending).

and Thirteenth Amendment rights. As a result, Plaintiff seeks to recover one hundred ($100) million dollars. (Compl. at ¶ V).

## DISCUSSION

### I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is granted.

### II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i-iii); 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See Id.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v.

3

Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1955).

III. Section 1983

> Section 1983 provides that
>
> > [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of

4

Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

### A. Claims Against D.A. Rice and A.D.A. Lipinsky

Plaintiff seeks to sue the prosecuting attorneys in the underlying criminal cases against him for civil rights violations pursuant to Section 1983. "'It is by now well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under §1983.'" Crews v. County of Nassau, No. 06-CV-2610 (JFB)(WDW), 2007 WL 4591325, at *13 (E.D.N.Y. Dec. 27, 2007) (quoting Shmueli v. City of N. Y., 424 F.3d 231, 236 (2d Cir. 2005)). "Prosecutorial immunity from §1983 liability is broadly defined, covering 'virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate.'" Hill v. City of N.Y., 45 F.3d 653, 661 (2d Cir. 1995) (quoting Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994)).

Here, Plaintiff alleges that D.A. Rice and A.D.A. Lipinsky arraigned him while aware that he was not the person that committed the crime. These allegations fall squarely within the scope of protection defined by the Second Circuit and Plaintiff has failed to otherwise allege any conduct by these Defendants that

5

would fall outside the scope of prosecutorial immunity. Accordingly, Plaintiff's claims against these Defendants are not plausible and are dismissed with prejudice

B. Claims Against Justice Donnino

Plaintiff's Complaint is also dismissed as against Justice Donnino because he is entitled to absolute judicial immunity. It is well-established that "[j]udges have traditionally enjoyed absolute immunity for damages arising out of judicial acts performed in their judicial capabilities." Rios v. Third Precinct Bay Shore, No. 08-CV-4641 (JFB)(ETB), 2009 WL 2601303, at *3 (E.D.N.Y. Aug. 20, 2009) (citing Mireles v. Waco, 502 U.S. 9, 11-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)). The United States Supreme Court instructs that judges are immune from civil suits for money damages, except when their actions are taken in a non-judicial capacity or when their actions are taken in the complete absence of jurisdiction. Waco, 502 at 11-12, 112 S. Ct. at 288. Moreover, "judicial immunity is not overcome by allegations of bad faith or malice . . . ." Id. (citing Pierson v. Ray, 386 U.S. at 54, 87 S. Ct. at 1218 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly")).

Here, Justice Donnino is absolutely immune from this civil suit because it arises solely from actions he allegedly took from the bench while presiding over the Plaintiff's arraignment. The alleged wrongful conduct by Justice Donnino falls squarely

6

within the scope of absolute judicial immunity. Accordingly, the Complaint is dismissed with prejudice and the Clerk of the Court is directed to close this case.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is granted, but the Complaint is sua sponte dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b). The Clerk of the Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July __6__, 2012
       Central Islip, New York

7